```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,                    00 CR 861 (SJ)

                                             **MEMORANDUM &**
            -against-                        **ORDER**


MICHAEL ENTES,

                        Defendant.
-----------------------------------------------------------X
```

APPEARANCES

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201
By: Mary M. Dickman, Esq.
Attorney for the United States

MICHAEL ENTES
346 6th Street, Apt. #3
Brooklyn, NY 11214
Defendant, *Pro Se*


JOHNSON, Senior District Judge:

Presently before the Court is a motion, filed by the defendant Michael Entes ("Defendant"), to correct and amend the restitution order imposed against him in this matter. For the reasons set forth below, Defendant's request is DENIED.

## BACKGROUND

On May 2, 2001, Defendant plead guilty to racketeering and conspiracy to defraud the United States, in violation of 18 U.S.C. §§ 371 and 3551, respectively.

1

P-049

Specifically, the Defendant, along with a number of other individuals, fraudulently obtained funds from six different mortgage lenders by submitting applications containing false information regarding the 20 properties involved in the scheme, their sales prices and value, and the financial condition of the borrowers. The Defendant was sentenced by this Court on October 24, 2002 to a term of 63 months imprisonment and five years supervised release.[1] See Judgment dated October 24, 2002. In addition, given the nature of his crime, the Defendant was ordered to pay restitution to each of the victim mortgage lenders in the total amount of $724,581.00. Id. Under the terms of the Judgment, the Defendant was required to begin making payments toward the restitution balance as of November 1, 2002, in the amount of $500.00 per month. See Amended Judgment dated January 24, 2004. The restitution amount was calculated by the United States Department of Probation, in conjunction with an independent appraiser, by determining the difference between the actual value of the properties and the amount of the loans obtained by the Defendant and his co-conspirators. See Pre-Sentence Investigation Report (PSR) dated May 28, 2002.

At sentencing, the Defendant disputed the amount of restitution calculated with regard to one of the properties in question, arguing that the victim lender had already stopped payment on some of the checks provided by the Defendant as part of the conspiracy. See Government Letter-Memorandum dated May 17, 2004. The

---

[1] The term of supervised release was later changed to three years, pursuant to a motion made by the Defendant. See Amended Judgment dated August 16, 2004.

2

government agreed with the Defendant's assertion and stipulated to that fact. Id. Hence, the Court reduced the loss amount on that particular property to reflect this new information. The Defendant raised no other issues regarding the restitution judgment during the course of his sentencing. Indeed, the Defendant failed to file a direct appeal with respect to any issue related to his conviction.

However, on September 25, 2003, the Defendant, proceeding *pro se,* filed a habeas petition, pursuant to 28 U.S.C. § 2255, in which he argued, *inter alia*, that the amount of restitution ordered by this Court exceeded the loss sustained by the victims. The Defendant further argued that his attorney erroneously elected not to object to entry of the restitution judgment.

On February 16, 2005, this Court issued a Memorandum and Order denying the Defendant's habeas petition on the grounds that the amount of restitution was properly calculated by the Department of Probation and that that amount did not exceed the actual losses suffered by the victims. See Memorandum & Order, dated Feb. 16, 2005, in United States v. Michael Entes, 03-cv-4923 (Johnson, J.).

Subsequently, on September 22, 2006, nearly four years after the entry of final judgment in this case, the Defendant filed the instant motion requesting that the restitution amount be reduced from $724,581.00 to $404,457.36, as a result of various miscalculations and omissions allegedly made by the Department of Probation. The government opposes Defendant's motion on the grounds that, *inter alia*, the Court does not have jurisdiction to modify the restitution judgment at this

3

juncture, and that, even if the court had jurisdiction, it would be inappropriate to do so in this case.

**Mandatory Victims Restitution Act**

Under 18 U.S.C. § 3663A(a)(1) of the Mandatory Victims Restitution Act ("MVRA"), "[n]otwithstanding any other provision of law" a district court is required to order that the defendant make restitution to the victim when sentencing a defendant convicted of an offense described in 18 U.S.C. § 3663A(c). See also United States v. Johnson, 378 F.3d 230, 244 (2d Cir. 2004) (holding that where an offense is covered by the MVRA, the district court must order restitution). Under 18 U.S.C. § 3663A(c), any offense committed by fraud or deceit constitutes a qualifying offense. In this case, because the Defendant plead guilty to an offense committed by fraud, the MVRA required the Court to impose a sentence of restitution.

Once a district court has ordered a sentence of restitution under the MVRA, the sentence may not be modified unless so ordered by a United States Court of Appeals or the United States Supreme Court, see 28 U.S.C. § 2106, or pursuant to 18 U.S.C. § 3664(o), which enables a defendant to challenge the restitution order under limited circumstances. In particular, such an order can be:

A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;

4

P-049

B) appealed and modified under section 3742;

C) amended under subsection (d)(5); or

D) adjusted under section 3664(k), 3572, or 3613(A). See 18 U.S.C. § 3664(o).

Rule 35(a) provides that within 7 days of sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error. Although the Defendant does not specify under which statute he now moves to have the restitution order amended, it is clear that, were it to be construed as a Rule 35 motion, he has failed to raise the issue in a timely manner, even taking into account the Defendant's status as a pro se litigant. Section 3742 also would be unavailing to the Defendant, given that such a challenge must be made within 10 days of sentencing. Indeed, no appeal was ever filed by the Defendant pursuant to § 3742. Furthermore, 18 U.S.C. § 3664(d)(5) does not provide grounds for the Defendant's challenge, since that subsection applies only when the victim's losses are not ascertainable at the time of sentencing, which was not the case here. Finally, the sections referenced in § 3664(o)(1)(D) allow for adjustments only with respect to changes in the payment schedule, as opposed to the amount of restitution, or as it relates to the payment of fines, as distinguished from restitution.

5

P-049

## **CONCLUSION**

For the above-mentioned reasons, Defendant's motion to correct and amend the restitution order against him in this matter is hereby DENIED.

SO ORDERED.

Dated: May 14, 2008             s/ Sterling Johnson, Jr.
        Brooklyn, NY                Senior U.S.D.J.

P-049